810 F.2d 200
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles GOODLOE, Plaintiff-Appellant,
v.
JEEP CORPORATION OF AMC, Defendant-Appellee.
 No. 86-1469.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1986.
 
 1
 Before KEITH and GUY, Circuit Judges, and EDGAR, District Judge.*
 
 ORDER
 
 2
 The plaintiff appeals the summary judgment for defendant in this action alleging racial and age discrimination in hiring practices. He now moves for the appointment of counsel on appeal. That motion was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 3
 In response to a newspaper advertisement for journeyman electricians, the plaintiff applied to the defendant company for employment. He passed a physical, but was never hired. He was informed later his application was rejected because he was late for an interview. The plaintiff denied ever being given notice of an interview. He filed a charge of racial discrimination with the Equal Employment Opportunity Commission which issued a right-to-sue letter in December, 1984.
 
 
 4
 The plaintiff then filed this pro se action alleging discrimination based upon his race (black) and age (50). The district court appointed counsel to represent the plaintiff therein. Following extensive discovery, the defendant moved for summary judgment on grounds the plaintiff's job application and accompanying resume contained numerous falsifications which, under company policy, were grounds for rejection for employment or discharge if discovered after employment. The district court held the falsifications were adequate grounds for rejection of the plaintiff's application and granted summary judgment for failure of the plaintiff to establish a prima facie claim of discrimination, i.e., to show he was qualified for the job in question. This appeal followed.
 
 
 5
 The shifting burdens of persuasion as to claims of discrimination in employment are discussed fully in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), and Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 252-56 (1981). Given the uncontroverted evidence of extensive and material falsifications on the plaintiff's job application, we conclude the district court did not err in holding the plaintiff failed to establish a prima facie claim of discrimination. See Avant v. South Central Bell Telephone Co., 716 F.2d 1083 (5th Cir.1983); Lee v. National Can Corp., 699 F.2d 932 (7th Cir.), cert. denied, 464 U.S. 845 (1983).
 
 
 6
 It is ORDERED that the motion for counsel be and it hereby is denied.
 
 
 7
 Upon examination of the record and the plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed in this appeal. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 8
 It is ORDERED further that the district court's judgment of May 13, 1986, be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allan Edgar, U.S. District Judge for the Eastern District of Tennessee, sitting by designation